**LISA A. RASMUSSEN, ESQ.**
Nevada Bar No. 007491
**LAW OFFICE OF LISA RASMUSSEN, P.C.**
601 South 10th Street, Suite #100
Las Vegas, NV 89101
Tel.    (702) 471-1436
Fax.   (702) 489-6619
Email: Lisa@LRasmussenLaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JABLONSKI ENTERPRISES, LTD., <br><br> PLAINTIFF, <br><br> *VS.* <br><br> NYE COUNTY, NEVADA, a corporation created by the State of Nevada, SHEREE STRINGER, individually and in her capacity as NYE County Assessor; DEBBIE ORRICK, individually and in her capacity as Mapping Administrator for Nye County; BRIAN KUNZI, individually and as Nye County District Attorney; MARLA ZLOTEK, individually and as Nye County Deputy district attorney; SUMMA, LLC, a Nevada limited liability company; TOM LEWIS, individually and as manager of Summa, LLC; HENRY TONKING, individually and as manager of Summa, LLC; LITHIUM CORPORATION, a Nevada corporation; GREG EKINS, individually; GIS LAND SERVICES, a Nevada corporation; and CLAYTON P. BRUST, individually, <br><br> DEFENDANTS. | Case No.: 2:15-cv-2296 GMN (GWF) <br><br> **MOTION TO EXTEND TIME TO FILE RESPONSE TO MOTION TO DISMISS (ONE DAY)** |

COMES NOW the Plaintiff, JABLONSKI ENTERPRISES, LTD., a Nevada corporation, by and through its counsel, Lisa A. Rasmussen, Esq., and hereby requests a one day extension of time to file Jablonski Enterprises, Ltd.'s Responses to Summa, Tonking,

Lithium and Brust's Motions to Dismiss (docket #'s 6 and 7).

This is the first request for an extension of time and the Response was filed on today's date, docket #17.

This Motion is made and based upon the following:

1. Brust, Lithium, Tonking and Summa filed their Motions to Dismiss on March 8, 2016. Dockets #6 and 7.

2. The filings generated a response date of March 25, 2016.

3. The undersigned was in trial from March 8, 2016 through March 14, 2016 in United States v. Haischer, 2:11-cr-267 MMD.

4. The undersigned had two appellate briefs due thereafter, one on March 16, 2016, Michael Domingues v. State, Nevada Supreme Court case number 69140, and one due on today's date that the undersigned still has not completed in Eliades v. Eliades, 2:15-cv-1145 APG, which will require another request for extension of time for one day to complete because the undersigned spent 10 hours today on these responses.

5. Additionally, the undersigned was engaged most of last week in preparations for and in a two day settlement conference in two separate cases pending before The Honorable Robert C. Jones, McKnight v. Barkett, et al, 2:10-cv-1617 RCJ, and In Re: Asset Resolution Company, 2:09-bk-32824 RCJ. These cases involve a long and sordid history of events that began in 2006 with USA Commercial Mortgage's bankruptcy filing. The undersigned had three clients here from different parts of the country for these settlement conferences which actually took place on Thursday March 24th and Friday March 25, 2016 before retired Judge Herb Ross from Alaska. The preparations for the conference were substantial and along with the conference, consumed most of last week.

6. The undersigned intended to file a request for a one week extension of time last Wednesday and forgot to do so before becoming all-consumed in the great settlement project. As a result, the undersigned simply prepared the Response today and is asking that this Court grant a one day extension of time, nunc pro tunc.

7. The defendants filed two separate motions, but the motions are essentially identical. Since the Motions are made pursuant to NRS Chapter 41, et seq, they require more

than a case law analysis that would be ordinarily required under F.R. Civ. P. 12(b)(6). As written, they were more akin to a Motion for Summary Judgment, requiring a similar response from the undersigned.

8.  Local Rule 6-1 permits the filing of a Motion for an Extension of Time. The Rule states that the failure to file the Motion before the deadline for the Response is subject to an excusable neglect standard, demonstrating that the failure to act was the result of excusable neglect. The undersigned has explained above, she intended to file a motion last week on Wednesday requesting a one week extension of time and simply forgot to do so because she was consumed with the settlement conference issues in the McKnight and ARC cases. Furthermore, the undersigned is a sole practitioner and is still getting caught up after having been in trial less than two weeks ago. In fact responding to these motions today is creating the need to ask for an additional extension of time in another case, with an appeal response due to Judge Gordon also on todays' date.

9.  As demonstrated, this request is not made for the purpose of delay and takes into account due diligence on the part of the undersigned.

10. If this request were denied, it would create prejudice to the Plaintiff whereas there is no prejudice to the defendants by this request for a one day extension of time. Additionally, the interests of justice would indicate that determining this matter on its merits is preferable to a determination by default.

Accordingly, it is respectfully requested that the Court issue an Order granting a one day extension of time, nunc pro tun, to file the Plaintiff's Response to the two Motions to Dismiss filed as docket numbers 6 and 7.

Respectfully submitted this 28th day of March, 2016.

**ORDER**

It is so ordered.

_____
U.S. DISTRICT COURT JUDGE

Dated thid __6__ day of __April__, 2016.

**LAW OFFICE OF LISA RASMUSSEN,**

  /s/ Lisa A. Rasmussen

_____
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
Attorneys for Jablonski Enterprises, Ltd.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am a person competent to serve papers and that I served a copy of the foregoing MOTION FOR ONE DAY EXTENSION OF TIME TO FILE RESPONSE TO MOTIONS TO DISMISS AND TO TRANSFER VENUE, upon all persons participating in CM/ECF, as required by local rule in this case.

Dated this 28th day of March, 2016.

/s/ Lisa A. Rasmussen

_____

LISA A. RASMUSSEN, ESQ.