UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JABLONSKI ENTERPRISES, LTD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:15-cv-02296-GMN-GWF |
| ) | |
| NYE COUNTY, *et al.*, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are four Motions to Dismiss filed by the following defendants (collectively "Defendants"): (1) Summa, LLC, Lithium Corporation, and Henry Tonking (collectively "Summa Defendants"), (ECF No. 6); (2) Clayton P. Brust ("Brust"), (ECF No. 7); (3) Greg Ekins and G.I.S. Land Services (collectively "Ekins Defendants") (ECF No. 11); and (4) Nye County, Nevada, Sheree Stringer, Debbie Orrick, Brian Kunzi, and Marla Zlotek, (ECF No. 51). The Motions are fully briefed. For the reasons discussed below, the Court **GRANTS** Defendants' Motions.

**I.  BACKGROUND**

This case arises out of the disputed ownership of certain real property identified by parcel number APN 000-106-06 and located in Nye County, Nevada, consisting of 58 patented mining claims (the "Property"). (*See* Compl. ¶¶ 56, 64, ECF No. 1). Plaintiff Jablonski Enterprises' ("Plaintiff") allegations center around events related to a Petition for a Writ of Mandamus filed by Summa in the Nye County District Court, allegedly filed without notice to Plaintiff, the "real party in interest." (*See, e.g.*, *id.* ¶¶ 64, 65). Plaintiff alleges that as a result of those proceedings, "Nye County agreed to simply transfer title [to the Property] without consulting counsel for [Plaintiff]." (*Id.* ¶ 68). According to Plaintiff, prior to these events, it

was the titled legal owner of the Property. (*Id.* ¶ 70).

Based on these allegations, Plaintiff filed its Complaint in this Court alleging six causes of action: (1) violation of civil rights pursuant to the United States and Nevada constitutions; (2) forgery of conveyance pursuant to NRS § 205.090; (3) uttering a forged instrument pursuant to NRS § 205.110; (4) conversion; (5) civil conspiracy; (6) civil racketeering claims pursuant to NRS § 207.400, *et seq.*; and (7) respondeat superior. (*See* Compl. ¶¶ 77–141). Subsequently, Plaintiff filed an identical Complaint in the Fifth Judicial District Court, Nye County, Nevada. (*See* Ex. 2 to Ekins Defs.' Supp. to MTD at 12, ECF No. 62). In both cases, Defendants filed special Motions to Dismiss, (ECF No. 6, 7, 11, 51), seeking dismissal of Plaintiff's claims pursuant to Nevada's anti-Strategic Lawsuits Against Public Participation ("SLAPP") statute, NRS § 41.650, *et seq*.

Following a hearing, Defendants' Motions in the state court case were granted, and Plaintiff's Complaint was dismissed with prejudice. (*See* Ex. 1 to Ekins Defs.' Supp. to MTD at 8–10). The same Motions are currently pending before this Court. In supplemental briefings to their Motions to Dismiss, Defendants ask the Court to dismiss Plaintiff's case as barred by the doctrine of res judicata. (*See* Ekins Defs.' Supp. to MTD); (Summa Defs.' Supp. to MTD, ECF No. 60); (Brust's Supp. to MTD, ECF No. 61).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations

as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . .  However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  The Court need not accept as true those allegations that contradict facts properly subject to judicial notice. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Res judicata is an umbrella term that often refers to the concept that a party cannot relitigate a cause of action or issue that has already been determined by a court. *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 473 (Nev. 1998).  The general rule is that federal courts must give the "same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)).  Federal courts must apply the res judicata rules of the court that rendered the underlying judgment. *See id.* at 81–82.

"Claim preclusion" is one subspecies of that rule. *Exec. Mgmt., Ltd.*, 963 P.2d at 473. Under Nevada law, three basic elements are required for this doctrine to apply:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; and (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation.

*Id.*; *accord Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994); Restatement (Second) Judgments § 123 (1995).  Whether the prior and current litigation constitute "identical causes of action" under Nevada law means "whether the sets of facts essential to maintain the two suits are the same." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) (citing *Tomiyasu v. Golden*, 400 P.2d 415 (Nev. 1965)).

Here, the Court finds that Plaintiff's claims are barred by the doctrine of res judicata and claim preclusion and must therefore be dismissed with prejudice.  The parties in this suit are

exactly the same as the parties named in Plaintiff's state court action. (*See* Ex. 2 to Ekins Defs.' Supp. to MTD at 12, ECF No. 62).  The Court finds that the final judgment in the state court action is a valid decision on the merits. (*See* Ex. 1 to Ekins Defs.' Supp. to MTD at 10, ECF No. 62) ("Pursuant to NRS 41.660(4) this Order operates as an adjudication upon the merits."); *see also* NRS § 41.660(5) ("If the court dismisses the action pursuant to a special motion to dismiss filed pursuant to subsection 2, the dismissal operates as an adjudication upon the merits.").  Also, the claims in the state action all derive from the same set of facts, the same documents, the same property, and the same state proceedings as the instant action.  Indeed, Plaintiff's complaints in both actions are identical.  Because this action is based on the same claims dismissed with prejudice in the state court action, the Court must dismiss Plaintiff's Complaint with prejudice.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 6, 7, 11, 51), are **GRANTED**.  Plaintiff's Complaint is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend, (ECF No. 35), is **DENIED**.

**DATED** this ___6___ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] Also pending before the Court is Plaintiff's Motion to Amend. (ECF No. 35).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Futility of amendment is one basis on which leave to amend may be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Where an action is dismissed on the basis of res judicata and claim preclusion, any amendment is necessarily futile, since curing this deficiency is not possible by definition.  Accordingly, because the Court dismisses Plaintiff's Complaint on this basis, granting leave to amend would be futile, and the instant Motion to Amend must be denied.