**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JABLONSKI ENTERPRISES, LTD., | ) | |
| Plaintiff, | ) ) | Case No. 2:15-cv-02296-GMN-GWF |
| vs. | ) ) | **ORDER** |
| NYE COUNTY, *et al.*, | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendants Greg Ekins and G.I.S. Land Services' Motion for Attorney's Fees (ECF No. 73), filed on February 21, 2017. Plaintiff filed its omnibus Response (ECF No. 88) on March 10, 2017. Defendants filed their Reply (ECF No. 92) on March 17, 2017. On July 27, 2017, the Court instructed the parties to file supplements to their motions attaching any state court award of attorney's fees and costs. *See* ECF No. 96. Defendants filed their Supplement (ECF No. 97) and Plaintiff filed its Supplement (ECF No. 98) on July 28, 2017.

**BACKGROUND**

This case arises from the disputed ownership of a parcel of real property in Nye County, Nevada, known as parcel number APN-106-06. Plaintiff alleges he was the titled legal owner of the property and that Defendants conspired to transfer the title of the property without consulting Plaintiff. *See* ECF No. 1. Plaintiff filed his Complaint (ECF No. 1) on December 4, 2015, and subsequently, filed an identical Complaint in the Fifth Judicial District Court, Nye County, Nevada, alleging the following: (1) violation of civil rights; (2) forgery of conveyance; (3) uttering a forged instrument; (4) conversion; (5) civil conspiracy; (6) civil racketeering; and (7) respondeat superior. Defendants filed their special Motion to Dismiss pursuant to Nevada's anti-Strategic Lawsuits

1　Against Public Participation ("SLAPP") statute, NRS § 41.650, *et seq*. ECF No. 11.

2　　　In May 2016, the Fifth Judicial District Court dismissed Plaintiff's claims with prejudice. On

3　October 6, 2016, Defendants filed Supplements to their Motion to Dismiss (ECF Nos. 62) attaching

4　the state court order dismissing Plaintiff's claims with prejudice and requested that the Court grant

5　dismissal. *See* ECF Nos. 60, 61. On February 7, 2017, the Court granted Defendants' special Motion

6　to Dismiss, entered judgment, and dismissed Plaintiff's claims with prejudice as being barred by the

7　doctrine of res judicata. ECF Nos. 67, 68.

8　　　Defendants argue that NRS 41.670(1) provides that the Court shall award reasonable

9　attorney's fees and costs upon the grant of a special motion to dismiss under NRS § 41.660. *See*

10　*Motion for Attorney's Fees* (ECF No. 73), pg. 2. Plaintiff argues that its claims were dismissed based

11　on res judicata and, therefore, Defendants are not entitled to an award of attorney's fees under NRS §

12　41.670. *Response* (ECF No. 88), pg. 3. Plaintiff further argues that Defendants' request for

13　attorney's fees should be denied for failing to provide billing details. *Id.* at pg. 5.

14　**<u>DISCUSSION</u>**

15　　　In an action involving state law claims, district courts apply the law of the forum state to

16　determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute

17　or procedural rule. *Jiangmen Kinwai Furniture Decoration Co. Ltd v. Int'l Mkt. Centers, Inc.*, 2016

18　WL 6637699, at *2 (D. Nev. Nov. 8, 2016) (citing *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197

19　F.3d 1276, 1282 (9th Cir. 1999)). Under Nevada law, attorney's fees are available only when

20　"authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. M idwest Dev., Inc.*, 879 P.2d 69,

21　73(Nev. 1994); Nev. Rev. Stat. § 18.010.

22　　　The Local Rules for the United States District Court, District of Nevada, impose further

23　procedural requirements on motions for attorneys' fees and costs. *Branch Banking & Tr. Co. v.*

24　*Jones/Windmill, LLC*, 2017 WL 520547, at *2 (D. Nev. Feb. 7, 2017). LR 54-14 provides that a

25　motion for attorney's fees must include a reasonable itemization and description of work performed

26　and that failure to provide such documentation may be deemed a consent to denial of the motion.

27　Defendants' motion does not satisfy the requirements of LR 54-14(b). Defendants attach their

28　counsel's affidavit, but fail to provide an itemization and description of the work performed. The

Court is, therefore, unable to determine the reasonableness of the requested attorney's fees. Pursuant to LR 54-14, Defendants' motion should be denied without prejudice. Should Defendants refile their motion, it must comply with LR 54-14. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Greg Ekins and G.I.S. Land Services' Motion for Attorney's Fees (ECF No. 73) is **denied**, without prejudice.

**IT IS FURTHER ORDERED** that Defendants may refile their Motion for Attorney's Fees no later than **October 2, 2017** and that Plaintiff is permitted to file a Response.

DATED this 28th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge