# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JABLONSKI ENTERPRISES, LTD.,

          Plaintiff,

vs.

NYE COUNTY, NEVADA, *et al*.,

          Defendants.

Case No. 2:15-cv-02296-GMN-GWF

**FINDINGS AND RECOMMENDATION**

This matter is before the Court on Defendant Clayton P. Brust's Motion for Attorney's Fees and Sanctions (ECF No. 69), filed on February 21, 2017. Also before the Court is Defendants Lithium Corporation ("Lithium"), Summa, LLC ("Summa"), and Henry Tonking's Motion for Attorney's Fees (ECF No. 70), filed on February 21, 2017. Plaintiff filed its omnibus Response (ECF No. 88) on March 10, 2017 and Defendants Lithium, Summa, and Henry Tonking filed their Reply (ECF No. 89) on March 14, 2017. Defendant Brust filed his Reply (ECF No. 90) on March 15, 2017. On July 27, 2017, the Court instructed the parties to file supplements to their motions attaching any state court award of attorney's fees and costs. *See* ECF No. 96. Plaintiff filed its Supplement (ECF No. 98) on July 28, 2017. Defendants Lithium, Summa, and Tonking filed their Supplement (ECF No. 99) on August 1, 2017. Defendant Brust filed his Supplement (ECF No. 100) on August 2, 2017.

## BACKGROUND

This case arises from the disputed ownership of a parcel of real property in Nye County, Nevada, known as parcel number APN-106-06. Plaintiff alleges he was the titled legal owner of the property and that Defendants conspired to transfer the title of the property without consulting

1 | Plaintiff. *See* ECF No. 1. Plaintiff filed his Complaint (ECF No. 1) on December 4, 2015, and subsequently, filed an identical Complaint in the Fifth Judicial District Court, Nye County, Nevada, alleging the following: (1) violation of civil rights; (2) forgery of conveyance; (3) uttering a forged instrument; (4) conversion; (5) civil conspiracy; (6) civil racketeering; and (7) respondeat superior. Defendants filed special Motions to Dismiss pursuant to Nevada's anti-Strategic Lawsuits Against Public Participation ("SLAPP") statute, NRS § 41.650, *et seq*. ECF Nos. 6,7.

In May 2016, the Fifth Judicial District Court dismissed Plaintiff's claims with prejudice. On September 29, 2016, Defendants filed Supplements to their Motion to Dismiss (ECF Nos. 60, 61) attaching the state court order dismissing Plaintiff's claims with prejudice, and requested that the Court take judicial notice of the fact that identical claims were dismissed in another court. *See* ECF Nos. 60, 61. On February 7, 2017, the Court granted Defendants' special Motion to Dismiss (ECF Nos. 6, 7), entered judgment, and dismissed Plaintiff's claims with prejudice as being barred by the doctrine of res judicata. ECF Nos. 67, 68.

Defendants argue that NRS 41.670(1) provides that the Court shall award reasonable attorney's fees and costs upon the grant of a special motion to dismiss under NRS § 41.660. *See Motion for Attorney's Fees* (ECF No. 69), pg. 69. Plaintiff argues that its claims were dismissed based on res judicata and, therefore, Defendants are not entitled to an award of attorney's fees under NRS § 41.670. *Response* (ECF No. 88), pg. 3. Plaintiff further argues that Defendants' requested fees should be reduced because Defendants' work is duplicative of filings submitted in state court.

## DISCUSSION

In an action involving state law claims, district courts apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule. *Jiangmen Kinwai Furniture Decoration Co. Ltd v. Int'l Mkt. Centers, Inc.*, 2016 WL 6637699, at *2 (D. Nev. Nov. 8, 2016) (citing *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999)). Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73(Nev. 1994); Nev. Rev. Stat. § 18.010.

. . .

N.R.S. § 41.670 states as follows:

> If the court grants a special motion to dismiss filed pursuant to NRS 41.660:
> (a) The court shall award reasonable costs and attorney's fees to the person against whom the action was brought. . .

Nev. Rev. Stat. Ann. § 41.670(1)(a).

In *Rebel Communications, LLC v. Virgin Valley Water Dist.*, No. 2:10-CV-0513-LRH-GWF, 2012 WL 5839048, (D. Nev. Nov. 16, 2012), the Court granted the defendant's renewed special motion to dismiss and found that the defendants were entitled to reasonable attorney's fees under Nevada's Anti-SLAPP statute. The Court, however, found that in the circumstances of the case, the scope of work for an award of attorneys' fees should be specifically limited to work respecting the renewed special motion to dismiss and related discovery. *Id.* at *1. The Court found that the defendant's first special motion to dismiss was not granted within the meaning of Nevada's Anti-SLAPP statute because it was granted on other grounds. *Id.*

On February 6, 2017, the Court granted Defendants' Motions to Dismiss, found that Plaintiff's claims were barred by the doctrines of res judicata and claim preclusion, and dismissed Plaintiff's complaint with prejudice. *See* ECF No. 67. The claims in the state action are all derived from the same set of facts, the same documents, and the same state proceedings as the instant action. *Id.* at pg. 5. Because the Court found that the final judgment in the state action was a valid decision on the merits, Defendant's special motions to dismiss were granted within the meaning of Nevada's Anti-SLAPP statute. The Court, therefore, finds that Defendants are entitled to reasonable attorney's fees pursuant to N.R.S. § 41.670(1).

Based on the circumstances of the instant action, an award of attorney's fees should, however, be limited to work performed regarding the issues of res judicata and claim preclusion as well as issues related to federal law. Further, Defendants are requesting an award of attorney's fees in the related state court matter for performing work drafting documents that are the same or substantially similar to the filings in this matter. An award of attorney's fees in both actions for work that is the same or substantially similar is excessive and would amount to double recovery. The Court will, therefore, reduce Defendants' award of attorney's fees to a reasonable amount of hours of work performed by comparing Defendants' billing records in both the state court

proceedings and this matter. Defendants are entitled to reasonable recovery for additional work related to res judicata and claim preclusion that was performed in this matter, but was not performed in the state court matter. ECF Nos. 23, 24.

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

**A.  Defendant Brust's Application for Attorney's Fees**

On May 13, 2016, Defendant Brust filed his application for attorney's fees and costs seeking $13,410.25 in attorney's fees, $1,424.26 in costs, and $10,000 in sanctions in the Fifth Judicial District Court case. *See* ECF No. 100-1. To the Court's knowledge, the Fifth Judicial District Court has not yet ruled on Defendants' applications for attorney's fees and costs. In this matter, Defendant Brust requests $5,707.75 in attorney's fees based on 14.45 hours of work performed in preparing for and attending conferences, researching, drafting, editing, and revising motions, and preparing exhibits and application for fees as well as sanctions pursuant to NRS 41.670(3)(a) in the amount of $10,000. That amount is based on work performed by Mark G. Simons, Esq. at an hourly rate of $395.00. After reviewing Defendants' counsel's affidavits and billing records, the Court

finds that 14.45 hours in attorney labor on behalf of Defendant Brust should be reduced to 4.15 hours. The awarded hours represent work performed on Defendant's motion to dismiss, application for attorney's fees, and review of federal court filings, which were reduced to a reasonable amount based upon the similarity and duplication of work performed in the state proceedings. As a result, the Court will award Defendant Clayton P. Brust reasonable attorney's fees in the amount of $1,639.25.

### B. Defendants Lithium, Summa, and Tonking's Application for Attorney's Fees

On May 12, 2016, Defendants Lithium, Summa, and Tonking filed their application for attorney's fees and costs in the corresponding state court case seeking $14,904 in attorney's fees, $893 in costs, and $10,000 in sanctions for each Defendant. *See* ECF No. 99-1. To the Court's knowledge, Defendants' application for attorney's fees and costs is still pending before the state court. In this matter, Defendants Lithium Corporation, Summa, and Tonking request $13,160 in attorney's fees based on 36.50 hours of work performed by Clayton Brust, Esq. at an hourly rate of $360.00 as well as sanctions in the amount of $10,000 for each Defendant.

After reviewing Defendants' counsel's affidavits, the Court finds that 36.50 hours in attorney labor as to Defendants Lithium, Summa, and Tonking should be reduced to 5.6 hours. The awarded hours represent work performed on Defendants' motion to dismiss and research regarding claims in federal court. Defendants filed replies to their special motions to dismiss in this matter, which were not filed in the state court matter and for which they are entitled to reasonable recovery. *See* ECF Nos. 23, 24. The Court further reduced the awarded hours to a reasonable amount based upon the similarity and duplication of work performed in the state proceedings. As a result, the Court will award Defendant Clayton P. Brust reasonable attorney's fees in the amount of $2,016.00.

### E. Request for Sanctions

Defendants also request sanctions in the amount of $10,000 for each Defendant pursuant to N.R.S. § 41.670 on the grounds that Plaintiff's action is frivolous. Under NRS 41.670, "the Court may award, in addition to reasonable costs and attorney's fees. . ., an amount of up to $10,000 to the person against whom the action was brought." Nev. Rev. Stat. 41.670(b). "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis

either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831–32 (1989). The Court dismissed this action on the grounds of res judicata. It did not find Plaintiff's claims was frivolous. Defendants have not set forth a sufficient basis to warrant an award of $10,000 to each Defendant under N.R.S. § 41.670. The Court, therefore, denies Defendants' request for sanctions. Accordingly,

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendant Brust's Motion for Attorney's Fees (ECF No. 69) be **granted,** in part, and **denied**, in part. Plaintiff shall pay the total sum of $1,639.25 and is ordered to make the payment to Defendants by **October 2, 2017**. It is further recommended that Defendant's request for sanctions be **denied.**

**IT IS FURTHER RECOMMENDED** that Defendant Lithium, Summa, and Tonking's Motion for Attorney's Fees (ECF No. 70) be **granted**, in part, and **denied**, in part**.** Plaintiff is ordered to pay the total sum of $2,016.00, and is ordered to make the payment to Defendants by **October 2, 2017**. It is further recommended that Defendants' request for sanctions be **denied.**

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 28th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge