**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JABLONSKI ENTERPRISES, LTD., )
        Plaintiff, ) Case No. 2:15-cv-02296-GMN-GWF
vs. ) **FINDINGS AND RECOMMENDATION**
NYE COUNTY, *et al.*, )
        Defendants. )

This matter is before the Court on Defendants Nye County, Sheree Stringer, Debbie Orrick, Brian Kunzi, and Marla Zlotek's Motion for Attorney's Fees (ECF No. 75), filed on February 21, 2017. Plaintiff filed its omnibus Response (ECF No. 88) on March 10, 2017. Defendants filed their Reply (ECF No. 91) on March 17, 2017. On July 27, 2017, the Court instructed the parties to file supplements to their motions attaching any state court award of attorney's fees and costs. *See* ECF No. 96. Plaintiff filed its Supplement (ECF No. 98) on July 28, 2017. Defendants filed their Supplement (ECF No. 101) on August 8, 2017.

**BACKGROUND**

This case arises from the disputed ownership of a parcel of real property in Nye County, Nevada, known as parcel number APN-106-06. Plaintiff alleges he was the titled legal owner of the property and that Defendants conspired to transfer the title of the property without consulting Plaintiff. *See* ECF No. 1. Plaintiff filed his Complaint (ECF No. 1) on December 4, 2015, and subsequently, filed an identical Complaint in the Fifth Judicial District Court, Nye County, Nevada, alleging the following: (1) violation of civil rights; (2) forgery of conveyance; (3) uttering a forged instrument; (4) conversion; (5) civil conspiracy; (6) civil racketeering; and (7) respondeat superior.

1  Defendants filed special Motions to Dismiss pursuant to Nevada's anti-Strategic Lawsuits Against Public Participation ("SLAPP") statute, NRS § 41.650, *et seq*. ECF No. 51.

In May 2016, the Fifth Judicial District Court dismissed Plaintiff's claims with prejudice. On May 4, 2016, Plaintiff voluntarily dismissed Defendants Nye County, Stringer, Orrick, Kunzi, and Zlotek from the state court case. On September 29, 2016, Defendants Brust, Lithium Corporation, Summa, LLC, Henry Tonking, Greg Ekins, and GIS Land Services filed Supplements to their motions to dismiss attaching the state court order dismissing Plaintiff's claims with prejudice, and requested that the Court take judicial notice of the fact that identical claims were dismissed in another court. *See* ECF Nos. 60, 61, 62. On February 7, 2017, the Court granted Defendants' special Motion to Dismiss, entered judgment, and dismissed Plaintiff's claims with prejudice as being barred by the doctrine of res judicata. ECF Nos. 67, 68.

Defendants argue that NRS 41.670(1) provides that the Court shall award reasonable attorney's fees and costs upon the grant of a special motion to dismiss under NRS § 41.660. *See Motion for Attorney's Fees* (ECF No. 75), pg. 8. Plaintiff argues that Defendants were dismissed from the state court proceedings and Plaintiff's claims in this court were dismissed based on res judicata and, therefore, Defendants are not entitled to an award of attorney's fees under NRS § 41.670. *Response* (ECF No. 88), pg. 3.

## DISCUSSION

### A.  Application for Attorney's Fees

In an action involving state law claims, district courts apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule. *Jiangmen Kinwai Furniture Decoration Co. Ltd v. Int'l Mkt. Centers, Inc.*, 2016 WL 6637699, at *2 (D. Nev. Nov. 8, 2016) (citing *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999)). Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73(Nev. 1994); Nev. Rev. Stat. § 18.010.

. . .

. . .

N.R.S. § 41.670 states as follows:

If the court grants a special motion to dismiss filed pursuant to NRS 41.660:
(a) The court shall award reasonable costs and attorney's fees to the person against whom the action was brought. . .

Nev. Rev. Stat. Ann. § 41.670(1)(a).

In *Rebel Communications, LLC v. Virgin Valley Water Dist.*, No. 2:10-CV-0513-LRH-GWF, 2012 WL 5839048, (D. Nev. Nov. 16, 2012), the Court granted the defendant's renewed special motion to dismiss and found that the defendants were entitled to reasonable attorney's fees under Nevada's Anti-SLAPP statute. The Court, however, found that in the circumstances of the case, the scope of work for an award of attorneys' fees should be specifically limited to work respecting the renewed special motion to dismiss and related discovery. *Id.* at *1. The Court found that the defendant's first special motion to dismiss was not granted within the meaning of Nevada's Anti-SLAPP statute because it was granted on other grounds. *Id.*

On February 6, 2017, the Court granted Defendants' Motions to Dismiss, found that Plaintiff's claims were barred by the doctrines of res judicata and claim preclusion, and dismissed Plaintiff's complaint with prejudice. *See* ECF No. 67. The claims in the state action are all derived from the same set of facts, the same documents, and the same state proceedings as the instant action. *Id.* at pg. 5. Because the Court found that the final judgment in the state action was a valid decision on the merits, Defendant's special motions to dismiss were granted within the meaning of Nevada's Anti-SLAPP statute. The Court, therefore, finds that Defendants are entitled to reasonable attorney's fees pursuant to N.R.S. § 41.670(1). An award of attorney's fees should, however, be limited to work performed regarding the issues of res judicata and claim preclusion as well as issues related to federal law.

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and

3

multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Defendants seek $15,675 in attorney's fees based on 95 hours of work performed by Chad Clement, Esq., Craig Anderson, Esq., and Christian Balducci, Esq. at an hourly rate of $165.00, $1,044.91 in costs, and sanctions in the amount of $10,000 for each Defendant. Plaintiffs voluntarily dismissed Defendants from the state court matter and Defendants did not file an application for attorney's fees in the state court proceedings. *See* ECF No. 101. Although Defendants were voluntarily dismissed, they filed special motions to dismiss in the state court proceedings. After reviewing Defendants' counsel's affidavits and itemized billing records, the Court finds that 95 hours in attorney labor should be reduced to 17.5 hours. The awarded hours represent work performed on Defendants' special motions to dismiss and research regarding federal law. The Court further reduced the awarded hours to a reasonable amount based upon the similarity and duplication of work performed in the state proceedings. Court finds that 17.5 hours in attorney labor to conduct research and draft the special motions to dismiss is reasonable. As a result, the Court will award Defendants reasonable attorney's fees in the amount of $2,887.50.

**B.     Request for Sanctions**

Defendants also request sanctions in the amount of $10,000 for each Defendant pursuant to N.R.S. § 41.670 on the grounds that Plaintiff's action is frivolous. Under NRS 41.670, "the Court may award, in addition to reasonable costs and attorney's fees. . ., an amount of up to $10,000 to the person against whom the action was brought." Nev. Rev. Stat. 41.670(b). "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis

4

either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831–32 (1989). The Court dismissed this action on the grounds of res judicata. It did not find Plaintiff's claims to be frivolous. Defendants have not set forth a sufficient basis to warrant an award of $10,000 to each Defendant under N.R.S. § 41.670. The Court, therefore, denies Defendants' request for sanctions. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendants' Motion for Attorney's Fees (ECF No. 75) be **granted,** in part, and **denied**, in part. Plaintiff shall pay the total sum of $2,887.50 and is ordered to make the payment to Defendants by **October 2, 2017**. It is further recommended that Defendants' request for sanctions be **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge