**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JABLONSKI ENTERPRISES, LTD., | |
| Plaintiff, | Case No.: 2:15-cv-02296-GMN-GWF |
| vs. | **ORDER** |
| NYE COUNTY, *et al.*, | |
| Defendants. | |

Pending before the Court is the Motion to Reconsider, (ECF No. 76), filed by Plaintiff Jablonski Enterprises, LTD. ("Plaintiff"). Defendant Clayton P. Burst ("Burst") filed a Response, (ECF No. 77) ("Burst Response"), which was joined by Defendants Summa, LLC ("Summa"); Henry Tonking; Lithium Corporation; Greg Elkins; and GIS Land Services (collectively "Summa Defendants"), (ECF Nos. 79, 82). Additionally, Defendants Nye County, Nevada; Sheree Stringer; Debbie Orrick; Brian Kunzi; and Marla Zlotek (collectively "Nye Defendants") filed a Response ("Nye Response"), (ECF No. 85). Plaintiff filed a Reply, (ECF No. 80). For the reasons discussed below, Plaintiff's Motion to Reconsider is **GRANTED**.

**I.     BACKGROUND**

This case concerns disputed ownership of certain real property identified by parcel number APN 000-106-06 and located in Nye County, Nevada, that consists of fifty-eight patented mining claims (the "Property"). (*See* Compl. ¶¶ 56, 64, ECF No. 1). Plaintiff's allegations center around events related to a Petition for a Writ of Mandamus filed by Summa in the Nye County District Court (the "state court action"). (*See*, *e.g.*, *id.* ¶¶ 64, 65). Plaintiff alleges that as a result of those proceedings, "Nye County agreed to simply transfer title [to the Property] without consulting counsel for [Plaintiff]." (*Id.* ¶ 68). According to Plaintiff, prior to these events, it was the titled legal owner of the Property. (*Id.* ¶ 70).

Based on these allegations, Plaintiff filed its Complaint in this Court (the "instant action") alleging six causes of action: (1) violation of civil rights pursuant to the United States and Nevada constitutions; (2) forgery of conveyance pursuant to NRS § 205.090; (3) uttering a forged instrument pursuant to NRS § 205.110; (4) conversion; (5) civil conspiracy; (6) civil racketeering claims pursuant to NRS § 207.400, *et seq*.; and (7) respondeat superior. (*See* Compl. ¶¶ 77–141). Subsequently, Plaintiff filed an identical complaint in the Fifth Judicial District Court, Nye County, Nevada. (*See* Ex. 2 to Supp. to MTD at 12–28, ECF No. 62); *see also Jablonski Enter., LTD. v. Nye Cty. Nevada et. al.*, Fifth Judicial District Court, Nye County, Nevada, Case No. CV-37258. Burst and Summa Defendants filed special motions to dismiss in both cases, (ECF Nos. 6, 7, 11, 51), seeking dismissal of Plaintiff's claims pursuant to Nevada's anti-Strategic Lawsuits Against Public Participation ("SLAPP") statute, NRS § 41.650, *et seq*.

The state court granted Burst and Summa Defendants' motions, and Plaintiff's complaint was dismissed with prejudice. (*See* Ex. 1 to Supp. to MTD ¶¶ 5–6, ECF No. 62). As a result of the state court's order, this Court granted Defendants' Motion to Dismiss pursuant to the theory of claim preclusion and dismissed Plaintiff's Complaint with prejudice. (Order 5:13–14, ECF No. 67). Shortly thereafter, Plaintiff filed the instant Motion to Reconsider, (ECF No. 76), arguing that the Court committed clear error by dismissing Plaintiff's case. (Mot. Reconsider 2:15, ECF No. 76).

## II. <u>LEGAL STANDARD</u>

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order. This rule, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Once a motion to reconsider is granted and the merits of the arguments have been reconsidered, the court may deny a request that the court alter its prior opinion. *See Ashby v. Farmers Ins. Co. of Oregon*, No. CV 01-1446-BR, 2006 WL 6036363 (D. Or. Jan. 17, 2006) (granting a motion to reconsider, but adhering to the court's previous ruling).

## III. DISCUSSION

In the instant Motion, Plaintiff argues that the Court committed two clear errors in its Order to dismiss Plaintiff's Complaint. (Mot. Reconsider 3:1–2, ECF No. 76). First, Plaintiff argues that Nye Defendants were voluntarily dismissed by Plaintiff from the state court action before an order was issued, and thus claims against Nye Defendants should not have been precluded. (*Id.* 2:22–26). Second, Plaintiff argues that the Court did not use the proper legal test for claim preclusion in its analysis. (*Id.* 3:3–14). Plaintiff concludes that if the Court had used the claim preclusion test from *Five Star Capital Corp. v. Ruby*, 194 P.2d 709 (Nev. 2008), it would have found that "this [C]ourt is not bound by claim preclusion for the simple reason

that it is not the same court in which the dismissal occurred." (*Id.* 4:1–2). Moreover, Plaintiff contends that "[t]here has been no final judgment in this [C]ourt, and thus the claim is not precluded here under Nevada law." (*Id.* 4:3–4).

Burst argues that regardless of the test that was used, "the complaints are identical" and the Court may therefore apply either claim preclusion or issue preclusion. (Burst Resp. 3:19, ECF No. 77). Burst concludes that as a result of either an issue preclusion or claim preclusion analysis, the action is barred, and there is no clear error. (*Id.* 3:21–22). Additionally, Nye Defendants argue that the Court correctly applied claim preclusion, and that Plaintiff's voluntary dismissal of the Nye Defendants was an "acquiescence in the state court's ruling and a manufactured attempt to escape claim and issue preclusion." (Nye Resp. 6:5–6, ECF No. 85). Nye Defendants further argue that "issue preclusion yields the same result—dismissal." (*Id.* 8:12).

The Court agrees that it applied Justice Traynor's three-part test for issue preclusion. In its Order to dismiss Plaintiff's Complaint, the Court applied a test from *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 473 (Nev. 1998). The test requires three basic elements: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; and (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation." *Id.* at 473; *accord Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994). Indeed, *Ticor* "state[s] the applicable test for issue preclusion, rather than for res judicata which encompasses the rule of claim preclusion." *Exec. Mgmt.*, 963 P.2d 465, 473–74 (Nev. 1998). Because *Ticor* addresses issue preclusion rather than claim preclusion, the Motion to Reconsider is granted.

**A. Claim Preclusion is Still Applicable in the Instant Action.**

Dismissal of Plaintiff's Complaint, however, is still appropriate based on claim preclusion. Claim preclusion applies when:

> (1) there has been a valid, final judgment in a previous action;
> (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first action; and
> (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, *or* the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a "good reason" for not having done so.

*Weddell v. Sharp*, 350 P.3d 80, 86 (Nev. 2015) (modifying *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008)). "The purpose of the claim preclusion doctrine . . . is to obtain finality by preventing a party from filing another suit that is based on the same set of facts that were present in the initial suit." *Five Star Capital Corp.*, 194 P.3d 709, 712 (holding modified by *Weddell*, 350 P.3d 80 (2015)). Because the second factor is met due to the identical complaints filed in the state court action and the instant action, the Court will only address the first and third factors.

**1. Final Judgment in a Previous Action.**

"Assuming the basic requirements of claim preclusion are met, certain unlitigated claims merge with the prior judgment in the case." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 327 (9th Cir. 1995). The Ninth Circuit holds, however, that "we do not give preclusive effect to judgments rendered in proceedings that fail to comply with the minimum standards of due process," where "the party against whom preclusion is urged must have had a 'full and fair opportunity' to litigate his claim." *Id.* at 328. Here, the state court granted Burst and Summa Defendants' special motions to dismiss. (*See* Ex. 1 to Supp. to MTD ¶¶ 5–6, ECF No. 62). The final judgment in the state court action is a valid decision on the merits. (*See* Ex. 1 to Supp. to MTD ¶ 6, ECF No. 62) ("Pursuant to NRS 41.660(4) this Order operates as an

adjudication upon the merits.")); *see also* NRS § 41.660(5) ("If the court dismisses the action pursuant to a special motion to dismiss filed pursuant to subsection 2, the dismissal operates as an adjudication upon the merits."). Based on the valid final judgment in the previous state action, the Court finds the first requirement of the claim preclusion analysis is met.

**2. Privity**

Privity is a legal conclusion "designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). "Even when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). Moreover, "[o]ne who is not a party of record may be bound [and establish privity] if he had a sufficient interest and participated in the prior action." *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980) (citing *Montana v. United States*, 440 U.S. 147 (1979)).

Burst and Summa Defendants are the same parties in both the instant lawsuit and the state lawsuit, and thus satisfy the third requirement of the claim preclusion analysis. (*See* Ex. 1 to Supp. to MTD 8:11–24, ECF No. 62). Nye Defendants, however, were voluntarily dismissed, before a final judgment was entered against them. (*See* Ex. 1 to Mot. Reconsider 2:10–13, ECF No. 76); (*see also* Ex. 2 to Mot. Reconsider 3:2–6, ECF No. 76). Although Nye Defendants do not qualify as the same party in the instant action as they were in the previous state court action, privity still exists because Nye Defendants had a sufficient interest in the state court action.

Nye Defendants participated in the state court action until the state court granted the anti-SLAPP motions. (*See* Ex. 1 to Nye Resp., ECF No. 85-1); (*see also* Nye Resp. 4:13–14). Further, Nye Defendants share a substantial identity with Summa because they have a sufficient

commonality of interest in the Property at issue. (*See* Compl. ¶¶ 56, 64). Specifically, the commonality of interest shared by Summa and Nye Defendants is that Plaintiff alleges that Nye Defendants agreed to transfer title of the Property to Summa. (*See* Compl. ¶¶ 68, 69, 71). Nye Defendants, like Summa, are alleged to be responsible for Plaintiff's loss of legal title to the Property. *Id*. Because Nye Defendants have a significant relationship with the state court action as prior participants and as the alleged transferor of the Property to Summa Defendants, the Court finds that privity has been established. For these reasons, all three elements of the claim preclusion test have been met.

Accordingly, the Court adheres to the ruling in its pervious Order, (ECF No. 67), that Plaintiff's Complaint is dismissed with prejudice under to the doctrine of claim preclusion.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 76), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **DENIES** the request to relieve Plaintiff from the prior Order, (ECF No. 67).

**DATED** this \_\_25\_\_ day of September, 2017

_____
Gloria M. Navarro, Chief Judge
United States District Judge