# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JABLONSKI ENTERPRISES, LTD.,

    Plaintiff,

vs.

NYE COUNTY, *et al.*,

    Defendants.

Case No. 2:15-cv-02296-GMN-GWF

**REPORT & RECOMMENDATION**

This matter is before the Court on Defendants Greg Ekins and G.I.S. Land Services' Renewed Motion for Attorney's Fees (ECF No. 110), filed on September 18, 2017. Plaintiff filed its Response (ECF No. 112) on October 2, 2017. Defendants filed their second supplement (ECF No. 114) on October 16, 2017.

Defendants filed their Motion for Attorney's Fees (ECF No. 73) on February 21, 2017. Plaintiff filed its omnibus Response (ECF No. 88) on March 10, 2017. Defendants filed their Reply (ECF No. 92) on March 17, 2017. On July 27, 2017, the Court instructed the parties to file supplements to their motions attaching any state court award of attorney's fees and costs. *See* ECF No. 96. Defendants filed their Supplement (ECF No. 97) and Plaintiff filed its Supplement (ECF No. 98) on July 28, 2017. The Court denied Plaintiff's motion (ECF No. 73) without prejudice on August 28, 2017 and permitted Defendants to refile their motion for attorney's fees and costs to comply with LR 54-14.

## BACKGROUND

This case arises from the disputed ownership of a parcel of real property in Nye County, Nevada, known as parcel number APN-106-06. Plaintiff alleges he was the titled legal owner of the

property and that Defendants conspired to transfer the title of the property without consulting Plaintiff.  *See* ECF No. 1.  Plaintiff filed his Complaint (ECF No. 1) on December 4, 2015, and subsequently filed an identical Complaint in the Fifth Judicial District Court, Nye County, Nevada, alleging the following: (1) violation of civil rights; (2) forgery of conveyance; (3) uttering a forged instrument; (4) conversion; (5) civil conspiracy; (6) civil racketeering; and (7) respondeat superior.  Defendants filed their special Motion to Dismiss pursuant to Nevada's anti-Strategic Lawsuits Against Public Participation ("SLAPP") statute, NRS § 41.650, *et seq*.  ECF No. 11.

In May 2016, the Fifth Judicial District Court dismissed Plaintiff's claims with prejudice.  On October 6, 2016, Defendants filed Supplements to their Motion to Dismiss (ECF Nos. 62) attaching the state court order dismissing Plaintiff's claims with prejudice and requested that the Court grant dismissal.  *See* ECF Nos. 60, 61.  On February 7, 2017, the Court granted Defendants' special Motion to Dismiss, entered judgment, and dismissed Plaintiff's claims with prejudice as being barred by the doctrine of res judicata.  ECF Nos. 67, 68.  On September 25, 2017, the Court granted Plaintiff's Motion to Reconsider (ECF No. 76) its order granting Defendants' motions to dismiss, but, nonetheless, adhered to its ruling that Plaintiff's complaint is dismissed with prejudice under the doctrine of claim preclusion.  ECF No. 111.  On October 13, 2017, the Court of Appeals of the State of Nevada affirmed the Fifth Judicial District Court's order granting special motions to dismiss.  ECF No. 114.

Defendants argue that Fed. R. Civ. P. 54 authorizes the prevailing party to recover costs and that NRS 41.670(1) authorizes the Court to enter an award reasonable attorney's fees and costs upon the grant of a special motion to dismiss.  *See Renewed Motion for Attorney's Fees* (ECF No. 110), pg. 2. Defendants further argue that the defense in this matter is distinct and different from services provided in the related state court proceedings.  Plaintiff argues that Defendant's fee request is excessive and that Defendants fail to explain the fee request increase from $11,625.00 in their first application for fees to $13,350.00.

## **DISCUSSION**

In an action involving state law claims, district courts apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute

or procedural rule. *Jiangmen Kinwai Furniture Decoration Co. Ltd v. Int'l Mkt. Centers, Inc.*, 2016 WL 6637699, at *2 (D. Nev. Nov. 8, 2016) (citing *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999)). Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73(Nev. 1994); Nev. Rev. Stat. § 18.010.

N.R.S. § 41.670 states as follows:

> If the court grants a special motion to dismiss filed pursuant to NRS 41.660:
> (a) The court shall award reasonable costs and attorney's fees to the person against whom the action was brought. . .

Nev. Rev. Stat. Ann. § 41.670(1)(a).

In *Rebel Communications, LLC v. Virgin Valley Water Dist.*, No. 2:10-CV-0513-LRH-GWF, 2012 WL 5839048, (D. Nev. Nov. 16, 2012), the Court granted the defendant's renewed special motion to dismiss and found that the defendants were entitled to reasonable attorney's fees under Nevada's Anti-SLAPP statute. The Court, however, found that in the circumstances of the case, the scope of work for an award of attorneys' fees should be specifically limited to work respecting the renewed special motion to dismiss and related discovery. *Id.* at *1. The Court found that the defendant's first special motion to dismiss was not granted within the meaning of Nevada's Anti-SLAPP statute because it was granted on other grounds. *Id.*

On February 6, 2017, the Court granted Defendants' Motions to Dismiss, found that Plaintiff's claims were barred by the doctrines of res judicata and claim preclusion, and dismissed Plaintiff's complaint with prejudice. *See* ECF No. 67. The claims in the state action are all derived from the same set of facts, the same documents, and the same state proceedings as the instant action. *Id.* at pg. 5. On September 25, 2017, the Court granted Plaintiff's Motion to Reconsider (ECF No. 76) its order granting Defendants' motions to dismiss, but, nonetheless, adhered to its ruling that Plaintiff's complaint is dismissed with prejudice under the doctrine of claim preclusion. ECF No. 111. Because the Court found that the final judgment in the state action was a valid decision on the merits, Defendant's special motions to dismiss were granted within the meaning of Nevada's Anti-SLAPP statute. The Court, therefore, finds that Defendants are entitled to reasonable attorney's fees pursuant to N.R.S. § 41.670(1).

An award of attorney's fees should, however, be limited to work performed regarding the issues of res judicata and claim preclusion as well as issues related to federal law. Further, Defendants are requesting an award of attorney's fees in the related state court matter for performing work drafting documents that are the same or substantially similar to the filings in this matter. Plaintiff argues that Defendants did not provide billing detail in their state court fee request. The Court compared Defendant's billing records in the state court proceedings contained in its supplement with its billing records in this matter. *See* ECF No. 97, pg. 47. An award of attorney's fees in both actions for work that is the same or substantially similar is excessive and would amount to double recovery. The Court will, therefore, reduce Defendants' award of attorney's fees to a reasonable amount of hours of work performed.

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

In this matter, Defendants request $13,350 in attorney's fees based on 35.6 hours of work performed in preparing briefs, conferring with Defendants, interviewing witnesses, reviewing documents, preparing the application for fees, and reviewing briefs filed by parties to this matter.

That amount is based on work performed by Thomas P. Erwin, Esq. at an hourly rate of $375.00. Plaintiff does not take issue with counsel's hourly rate or qualifications. *See Response* (ECF No. 112), pg. 2. After review of Defendants' counsel's affidavits and billing records, the Court finds that 35.6 hours of labor should be reduced to 6.1 hours. The awarded hours represent work performed on Defendants' motion to dismiss and related legal research. The Court further reduced the awarded hours to a reasonable amount based upon the similarity and duplication of work performed in the state proceedings. As a result, the Court will award Defendants reasonable attorney's fees in the amount of $2,287.50. Accordingly,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Greg Ekins and G.I.S. Land Services' Renewed Motion for Attorney's Fees (ECF No. 110) be **granted**, in part, and Plaintiff should pay the total sum of $2,287.50.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge